# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WAYNE MATHIS, | CASE NO. 1:09-cv-00587-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 15) |
| MATTHEW CATES, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Robert Wayne Mathis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Ironwood State Prison in Blythe, California. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Fourteenth Amendment. Plaintiff names Matthew Cate (secretary of CDCR), John or Jane Doe (director of CDCR), J.K. Allen (chief of inmate appeals), C. Hall (appeals examiner), Esther Montenegra (accounting officer), R.H. Trimble (associate warden), C. Huckaby (appeals coordinator), and James A. Yates (warden) as defendants. For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state any claims. The Court also finds that Plaintiff's claims are not capable of being cured by further amendment of his complaint. Accordingly, The Court will recommend that Plaintiff's amended complaint be dismissed without leave to amend.

///

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.  **Background**

   A.  **Procedural Background**

Plaintiff filed the original complaint in this action on March 18, 2009. (Doc. #1.) On November 16, 2009, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A. (Doc. #14.) The Court found that Plaintiff's original complaint failed to state any claims

upon which relief may be granted under section 1983. Plaintiff's original complaint was dismissed and Plaintiff was given leave to file an amended complaint which cured the deficiencies identified by the Court. On December 4, 2009, Plaintiff filed his first amended complaint. (Doc. #15.) This action proceeds on Plaintiff's first amended complaint.

### B. Plaintiff's Contentions

Plaintiff claims that his constitutional rights are being violated because prison officials are deducting excess funds from his trust account. Plaintiff owes $200.00 in restitution fines. Plaintiff complains that prison officials are deducting 55% from every trust account deposit to pay restitution. Plaintiff claims that the prison is only authorized to deduct 50%. Plaintiff further complains that the additional 5% is being deducted as an administrative fee. Plaintiff contends that the administrative fee must be credited toward the amount owed on his restitution fine and must come from the 50% deduction that prison officials are authorized to deduct.

## III. Discussion

Plaintiff claims that prison officials are taking excess funds from his trust account in violation of the U.S. Constitution. Although Plaintiff does not specifically identify the constitutional rights at issue, the Court will construe Plaintiff's claims as arising from the Fourteenth Amendment's Due Process Clause. Plaintiff argues that prison officials are depriving Plaintiff of his property without due process of law because they are exceeding the bounds of their statutory authority by taking more money than what is authorized under the California Penal Code. See Vance v. Barrett, 345 F.3d 1083, 1090-91 (9th Cir. 2003); Tellis v. Godinez, 5 F.3d 1314, 1317 (9th Cir. 1993); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985) (citing Sell v. Parratt, 548 F.2d 753, 759 (8th Cir. 1977)) ("An administrative agency has no right without underlying statutory authority to prescribe and enforce forfeitures of property . . . when an agency does so, it violates the due process clause of the fourteenth amendment.").

Plaintiff claims that prison officials are deducting funds from his trust account that exceeds the amount authorized by California Penal Code § 2085.5. However, even accepting Plaintiff's factual allegations as true, prison officials have not overstepped the bounds of their statutory authority. California Penal Code §§ 2085.5(a) and (b) permit CDCR to deduct up to 50% of a

1  prisoner's wage and trust account deposits and use those funds to pay off that prisoner's restitution.
2  The entirety of this 50% deduction must be applied to that prisoner's restitution.

3  However, California Penal Code § 2085.5(c) permits CDCR to deduct <u>an additional</u> amount,
4  up to 10% of the amount deducted under subdivision (a) or (b), as an administrative fee.  Thus, one
5  subdivision authorizes a 50% deduction that is applied toward restitution and an entirely separate
6  subdivision authorizes an additional deduction that is paid as an administrative fee.  The amount of
7  the second deduction is equal to 10% of the amount of the first deduction.  Thus, if the prison
8  deducts 50% under subdivision (a) or (b) for restitution, subdivision (c) authorizes prison officials
9  to deduct an additional 10% of that amount.  The two amounts taken together would add up to 55%
10 of the wage and trust account deposit.  Nothing in subdivision (c) states that the amount deducted
11 pursuant to subdivision (c) must be applied toward the balance owed for restitution.  Plaintiff's
12 interpretation of subdivision (c) is clearly erroneous.  Plaintiff offers no logical explanation as to why
13 the payment would be called an "administrative fee" if it would be applied to the balanced owed for
14 restitution.  Based on the foregoing, Plaintiff fails to state any cognizable claims.

15 The Court informed Plaintiff of the deficiencies in his claims in its prior screening order.
16 (Order Dismissing Compl., with Leave to File Am. Compl. Within 30 Days 3:5-4:14.)  Plaintiff's
17 amended complaint does nothing to meaningfully remedy the deficiencies identified by the Court.
18 The Court, therefore, finds that Plaintiff's claims are not capable of being cured by granting further
19 leave to amend.  Accordingly, the Court will recommend that Plaintiff's complaint be dismissed
20 without leave to amend.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing
21 longstanding rule that leave to amend should be granted even if no request to amend was made
22 unless the court determines that the pleading could not possibly be cured by the allegation of other
23 facts); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to
24 amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could
25 not be cured by amendment).

26 **IV.     Conclusion and Recommendation**

27 Plaintiff's amended complaint fails to state any claims on which relief may be granted under
28 Section 1983.  Plaintiff was provided with the opportunity to amend and his amended complaint

4

failed to remedy the deficiencies in his claims. The Court finds that the deficiencies in Plaintiff's claims are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed, without leave to amend, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 21, 2010**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE